KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

REBECCA B. BOND
Chief

ANNE S. RAISH
Principal Deputy Chief
KEVIN J. KIJEWSKI
Deputy Chief
ALYSE S. BASS
Senior Trial Attorney
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
150 M Street, N.E.
Washington, DC 20530
Tel: (800) 514-0301

RACHAEL A. HONIG
Acting United States Attorney
MICHAEL E. CAMPION
Assistant U.S. Attorney
Chief, Civil Rights Unit
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-3141

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      v.<br><br>PORT AUTHORITY TRANS-HUDSON CORP.,<br><br>           Defendant. | Civil Action No. |

1

## COMPLAINT

Plaintiff United States of America respectfully alleges:

### NATURE OF THE ACTION

1.      This action is brought by the United States against the Port Authority Trans-Hudson Corporation ("Defendant" or "PATH") to enforce Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111-17; Title II of the Genetic Information Nondiscrimination Act of 2008 ("GINA"), 42 U.S.C. §§ 2000ff – 2000ff-11; and the regulations implementing these two statutes, 29 C.F.R. § 1630, and 29 C.F.R. § 1635.  Title I of the ADA and Title II of GINA incorporate the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e – 2000e-17.  *See* 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000ff-6.

2.      PATH has violated the ADA by subjecting employees to medical examinations and inquiries that were likely to reveal the existence of a disability and were not job-related or consistent with business necessity.  PATH has violated GINA by requesting and eliciting family health history from employees.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action under 42 U.S.C. § 12117(a); 42 U.S.C. §§ 2000e-5(f), 2000e-6, and 2000ff-6; and 28 U.S.C. §§ 1331 and 1345.

4.      This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117(a), 42 U.S.C. § 2000ff-6(a), 42 U.S.C. § 2000e-5(g), and 42 U.S.C. § 1981(a).

5.      Venue is proper under 28 U.S.C. § 1391 because Defendant is located in this judicial district and a substantial part of the events and omissions giving rise to this action occurred in this judicial district.

6.      Defendant PATH is a wholly owned subsidiary of the Port Authority of New York and New Jersey ("Port Authority"). The Port Authority is an interstate governmental agency that operates transportation facilities in New York and New Jersey, including airports, bridges, tunnels, and train, bus, and marine terminals.

7.      PATH is a person within the meaning of 42 U.S.C. § 12111(7), 42 U.S.C. § 2000e(a), and 29 C.F.R. § 1630.2(c).

8.      PATH is an employer within the meaning of 42 U.S.C. § 12111(5), 42 U.S.C. §§ 2000e(b) and 2000ff(2)(B), and 29 C.F.R. § 1630.2(e), and a covered entity within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2(b).

## BACKGROUND

9.      This matter originated from two charges filed with the United States Equal Employment Opportunity Commission ("EEOC"). The first charge was timely filed on September 23, 2014, by the Brotherhood of Railroad Signalmen ("Union"), the union that represents PATH employees who are responsible for testing and maintaining its railroad signaling equipment. The second charge was timely filed on December 31, 2014, by a signal repairman (hereinafter "Complainant"), who also serves as the Union's representative to PATH.

10.     The Union's EEOC charge alleged that PATH subjected its employees to unlawful medical examinations and inquiries. Complainant's individual charge raised similar allegations.

11.     Other PATH non-administrative employees whose jobs relate to railroad operation ("railroad workers") have also been subjected to PATH's unlawful medical examinations and inquiries.

## FACTUAL ALLEGATIONS

12.     PATH has required railroad workers to submit to a mandatory, annual medical

evaluation.  The evaluation required completion of a health questionnaire that elicited

information about railroad workers' disabilities and included questions seeking information that

was far broader than necessary to ensure safety or serve another legitimate business need.  For

example, the questionnaire asked whether the railroad worker had kidney conditions; diabetes;

anxiety, depression, anxiety or other mental health problems; cancer; stomach, liver or digestive

problems; and a number of other health conditions and disabilities.

13.     Prior to 2018, the mandatory, annual medical evaluation of railroad workers was

even broader and included a comprehensive physical examination; a complete urinalysis; a blood

chemistry profile and other testing that elicited information about disability.

14.     PATH has threatened railroad workers with administrative and disciplinary action

for failing or refusing to undergo its annual medical examination or inquiries.

15.     In 2014, PATH directed Complainant to report to its Office of Medical Services

("OMS") for his annual medical examination.  As part of the exam, PATH required him to

complete the PATH Health Questionnaire, undergo a full physical exam, answer questions about

his family medical history, and have his blood drawn.

16.     At that 2014 exam, Complainant asked the OMS nurse what PATH was testing

for in its blood work.  When the nurse replied "everything," Complainant refused to submit to

the blood test, although he did provide a urine sample for drug testing.

17.     That same day, after leaving OMS, Complainant received a call from a PATH

Superintendent who threatened him with reprisal if he did not submit to the blood draw.

18.     Because he feared reprisal, Complainant returned to OMS and allowed them to

draw and test his blood.

19.     With these blood tests, OMS tested Complainant (as it did for all railroad workers) for many conditions unrelated to his job performance, including, for example, sexually transmitted diseases.

20.     Complainant has suffered significant emotional distress because of PATH's unlawful medical examinations and inquiries.

21.     Until at least July 2015, PATH's health questionnaire also required railroad workers to disclose genetic information by requesting family health history, including information about the cause of death or manifestation of a disease or disorder in family members.

22.     PATH has retained employees' genetic information, including information about family medical history.

23.     Until at least December 2020, PATH required many classes of railroad workers to annually complete a respirator clearance form seeking information beyond that necessary to assess appropriateness for a respirator, and that might reveal the existence of a disability.

24.     Until at least December 2020, PATH conducted attendance review hearings of railroad workers whose sick leave use exceeded 150 days in a three-year period.  At these hearings, railroad workers were called before a PATH hearing officer and often another supervisor, who cross-examined the workers about their absences, and demanded fewer absences.  These hearings were conducted even where PATH had already obtained sufficient medical justification for the use of sick leave, and regardless of whether the sick leave was previously approved.

25.     In connection with attendance reviews, until at least December 2020, PATH demanded that railroad workers sign a broad medical record release, thereby eliciting medical

information, including information that might reveal a disability.  The medical information

elicited went beyond that necessary to evaluate any potential misuse of leave.

26.     Until August 2018, PATH required all railroad workers, who used more than

five consecutive days of sick leave, to report to OMS on the sixth day of sick leave for a

mandatory fitness-for-duty exam.  It also required them to report to OMS periodically during

their sick leave for other examinations and inquiries, even where the railroad worker was known

to be recovering from an illness, injury, or conditions related to a disability. These medical

exams and reporting requirement might reveal a disability or the nature or severity of a disability.

27.     PATH railroad workers have suffered emotional distress as a result of PATH's

intrusive medical examinations and inquiries.

28.     Pursuant to 42 U.S.C. § 2000e-5, incorporated by reference in 42 U.S.C. §

12117(a), the EEOC investigated the charges and found reasonable cause to believe Defendant

engaged in unlawful employment practices barred by the ADA and GINA.  After the EEOC's

conciliation efforts failed, the EEOC referred these cases to the United States Department of

Justice.

29.     All conditions precedent to the filing of this action have been met.

### CAUSES OF ACTION

### Count I – Title I of the Americans with Disabilities Act

30.     The United States re-alleges and incorporates by reference paragraphs 1 to 29.

31.     Title I of the ADA prohibits medical examinations and inquiries of incumbent

employees except in limited, prescribed circumstances.  Specifically, an employer shall not

require a medical examination and shall not make inquiries of an employee as to whether such

employee is an individual with a disability or the nature of the disability, unless such

examination or inquiry is job-related and consistent with business necessity.  42 U.S.C.

§ 12112(d)(4)(A); 29 C.F.R. § 1630.14(c).

32.     The above described medical examinations and inquiries of railroad workers were

not job-related or consistent with business necessity and therefore violated the ADA.  42 U.S.C.

§ 12112(d)(4)(A); 29 C.F.R. § 1630.14(c).

33.     Complainant and other similarly-situated individuals are aggrieved individuals

under the ADA because they have been injured by Defendant's actions described above.

34.     PATH's conduct constituted a pattern or practice of requiring unlawful medical

examinations and making unlawful health-related inquiries in violation of the ADA.  See 42

U.S.C. § 12112(d) and 12117(a), which incorporates by reference Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. § 2000e-6; 29 C.F.R. § 1630.13(a).

### Count II – Title II of the Genetic Information Nondiscrimination Act of 2008

35.     The United States re-alleges and incorporates by reference paragraphs 1 to 29.

36.     Until at least July 2015, PATH routinely requested and obtained genetic

information from railroad workers through its Health Questionnaire.

37.     PATH has maintained railroad workers' genetic information.

38.     PATH's actions in requesting and obtaining genetic information from railroad

workers violated Title II of GINA, which prohibits employers from requesting or requiring

genetic information with respect to an employee or a family member of the employee.  42 U.S.C.

§§ 2000ff, 2000ff-1; 29 C.F.R. §§ 1635.3, 1635.8.

39.     PATH's conduct constituted a pattern or practice of unlawful acquisition of genetic information in violation of Title II of GINA.  42 U.S.C. §§ 2000ff, 2000ff-1; 29 C.F.R. §§ 1635.3, 1635.8.

## PRAYER FOR RELIEF

Plaintiff the United States requests the following relief:

(a)     Grant judgment in favor of the United States and declare that PATH has violated Title I of the ADA, 42 U.S.C. § 12111-17, and its implementing regulation, 29 C.F.R. Part 1630, as well as Title II of GINA and its implementing regulations, 42 U.S.C. §§ 2000ff, 2000ff-1; 29 C.F.R. §§ 1635.3, 1635.8;

(b)     Award compensatory damages to Complainant and other similarly-situated aggrieved persons for emotional pain, suffering, and any other nonpecuniary losses suffered as a result of the discrimination alleged in this Complaint pursuant to 42 U.S.C. § 1981a;

(c)     Enjoin Defendant from discriminating against any railroad worker on the basis of disability or genetic information, including by use of examinations and inquiries that elicit information tending to reveal a disability and that are not job-related or consistent with business necessity;

(d)     Order PATH to:

i.      Revise its policies, practices, and procedures to eliminate all unlawful medical examinations and inquiries as well as other practices that elicit information about a disability that is not job-related or consistent with business necessity;

     ii.       Provide training on the ADA and GINA to all of PATH's officials, agents, and employees who are responsible for making or carrying out policies, practices, or procedures related to medical examinations and inquiries, or use of sick leave.

    (e)     Grant such other and further relief as may be just and proper.

**Dated: November 9, 2021.**

s/*Kristen Clarke*
KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

REBECCA B. BOND
Chief
Disability Rights Section

s/*Alyse S. Bass*
ANNE S. RAISH
Principal Deputy Chief
KEVIN J. KIJEWSKI
Deputy Chief
ALYSE S. BASS
Trial Attorney
Disability Rights Section
Civil Rights Division

RACHAEL A. HONIG
Acting United States Attorney

s/*Michael E. Campion*
MICHAEL E. CAMPION
Assistant United States Attorney
Chief, Civil Rights Unit
970 Broad Street, Suite 700
Newark, NJ 07102
Telephone: (973) 645-3141
Facsimile: (973) 297-2010-0404
E-mail: michael.campion@usdoj.gov

Attorneys for the United States of America