IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>PORT AUTHORITY TRANS-HUDSON CORP.<br><br>　　　　Defendant. | CIVIL ACTION NO. |

**CONSENT DECREE**

I.　**Introduction**

1. This Consent Decree resolves the above-captioned civil action brought by Plaintiff United States of America (the "United States") against Defendant, Port Authority Trans-Hudson Corporation ("PATH") (collectively the "parties"), under Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111-12117, and under Title II of the Genetic Information Nondiscrimination Act of 2008 ("GINA"), 42 U.S.C §§ 2000ff–2000ff-11.

2. The United States filed this action after receiving timely charges of discrimination that the Brotherhood of Railroad Signalmen (the "Union") and a Signalmen Union representative ("Complainant") filed with the United States Equal Employment Opportunity Commission ("EEOC").

3. In its Complaint, the United States alleges that PATH violates Title I of the ADA by conducting unnecessary and overbroad medical examinations and inquiries of PATH employees whose jobs relate to railroad operation ("Railroad Workers") through its annual evaluations and questionnaires, integrated absence program, and attendance review practices. PATH has contested these claims.

4. The Complaint also alleges that PATH violated Title II of GINA by requesting and obtaining genetic information, specifically family medical history, from Railroad Workers. PATH has contested these claims.

1

5. The parties agree that it is in the parties' best interests, and the United States believes that it is in the public interest, to resolve this lawsuit on mutually agreeable terms. Accordingly, the parties agree to the entry of this Decree without trial or further adjudication of any issues of fact or law raised in the United States' Complaint.

Accordingly, the parties hereby agree and the Court hereby APPROVES, ENTERS, AND ORDERS the following:

## II. Jurisdiction and Venue

6. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331, 1343(a), and 1345. The parties agree that venue is appropriate pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §1391.

7. The United States has authority to bring this civil action to enforce Title I of the ADA 42 U.S.C. § 12117(a), and Title II of GINA, 42 U.S.C. § 2000ff-6(a).

8. PATH is a person within the meaning of 42 U.S.C. § 12111(7), 42 U.S.C. § 2000e(a), and 29 C.F.R. § 1630.2(c); an employer within the meaning of 42 U.S.C. § 12111(5), 42 U.S.C. §§ 2000e(b) and 2000ff(2)(B), and 29 C.F.R. § 1630.2(e); and a covered entity within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2(b).

## III. General Injunctive Relief

9. PATH, by and through its officials, agents, legal representatives, employees, and contractors, in the performance of employment or personnel functions, will not discriminate against any employee or applicant for employment on the basis of disability, actual or perceived, under Title I of the ADA or Title II of GINA.

10. PATH, by and through its officials, agents, legal representatives, employees, and contractors, will not retaliate against any individual because such individual has opposed any act or practice made unlawful by Title I of the ADA or Title II of GINA, or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title I of the ADA or Title II of GINA. PATH will not retaliate against or coerce any individual who seeks to exercise their rights under this Decree or engages in protected activity under Title I of the ADA or Title II of GINA.

11. PATH, by and through its officials, agents, legal representatives, employees, and contractors, shall comply with Title I of the ADA, Title II of GINA, and their implementing regulations, and shall not engage in any act or practice that subjects an employee to a medical examination or inquiry that is not job-related nor consistent with business necessity, in both scope and frequency. PATH shall cease all practices that elicit or tend to elicit information about disability unless the information is job-related and consistent with business necessity, for example, a narrowly tailored request for medical information where necessary to support an employee's request for

a reasonable accommodation.  PATH shall not request or require genetic information, including family medical history, from an employee or a family member of the employee.

12. To the extent PATH continues to subject any employee, or class or category of employees to annual, periodic medical, or fitness-for-duty examinations or health-related inquiries, including questionnaires, such examinations or inquiries must be job-related and consistent with business necessity, in both scope and frequency.  If a medical examination or inquiry is required by law or regulation of the United States, or an agency thereof, such medical examination or inquiry will be deemed to be job-related and consistent with business necessity.

13. PATH shall not conduct retrospective attendance review hearings of Railroad Workers based on absences formally authorized by the Port Authority (1) under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq. ("FMLA"), or (2) under the ADA, including where PATH has authorized leave as a reasonable accommodation, or where PATH's determination regarding an employee's requested use of leave as a reasonable accommodation is pending.  PATH will only conduct attendance review hearings where it reasonably believes it has articulable facts that suggest intentional misuse of sick leave.  PATH will ensure that any medical information requested in this process is narrowly tailored to assess whether misuse of leave occurred, and that this process does not penalize, or threaten to penalize, Railroad Workers for legitimate use of sick leave.

14. PATH shall not request or require a Railroad Worker to sign a medical release unless the information requested is narrowly tailored to be job-related and consistent with business necessity, or it is based on an employee's self-initiated request for their own employee medical information.

15. PATH will ensure the confidentiality of employee health-related information by, among other ways, not disclosing this information to anyone other than the employee or personnel with a legitimate need for access to the information consistent with Title I of the ADA, Title II of GINA, and this Decree.

16. Inquiries that elicit medical information that may reveal the existence of a disability will be made only when they are job related and consistent with business necessity, and solely by personnel in PATH's Office of Medical Services ("OMS") who PATH has specially trained on their responsibility to maintain employee medical information as confidential.  Medical information that is elicited will not be shared within PATH (or with any other person) except pursuant to the accommodation process authorized under the ADA, in connection with effectuating leave under FMLA or if determined by the General Counsel of the Port Authority of New York and New Jersey that such information is vital to PATH's business, cannot reasonably be obtained in any other way and is lawful and the Chief Medical Officer reviews and redacts any information that does not meet that standard.

17. PATH will formally appoint its Chief Diversity and Inclusion Officer of the Port Authority of New York and New Jersey as its ADA Coordinator no later than (30) thirty days after the Effective Date of this Decree. The ADA Coordinator will be responsible for coordinating PATH's efforts to comply with and carry out its responsibilities under this Decree, Title I of the ADA, and Title II of GINA. PATH will provide the ADA Coordinator with the training, resources, and authority to implement fully the terms of this Decree and comply fully with Title I of the ADA and Title II of GINA. PATH will make the ADA Coordinator's name and contact information readily available to its employees and to the United States, including by posting it on PATH's website. PATH will ensure, within ninety (90) days of the Effective Date of this Decree, that the ADA Coordinator undergoes training on the requirements of Title I of ADA and Title II of GINA, including with respect to medical examinations and inquiries.

## IV.   Policies and Procedures

18. PATH shall revise its medical examination and inquiry policies and procedures, including with respect to annual evaluations, employee use of leave, and attendance reviews (collectively "policies"), to the extent necessary to comply with paragraphs 11-17 of this Decree and Title I of the ADA, Title II of GINA, and their implementing regulations. *See* 42 U.S.C. § 12112(d)(4)(A); 29 C.F.R. §§ 1630.13(b) and 1630.14(c); 42 U.S.C. § 2000ff-1(b); 29 C.F.R. § 1635.8(a)-(b).

19. Within 150 days of the Effective Date of this Decree, PATH shall expunge any medical information that is not job-related and consistent with business necessity, and/or is prohibited by GINA, from Railroad Workers' files and any other PATH files.

20. PATH shall maintain policies and procedures to ensure the confidentiality of employees' medical information, consistent with Title I of the ADA and Title II of GINA.

21. Within ninety (90) days of the Effective Date of this Decree, PATH shall send the proposed policies referenced in paragraphs 18 and 20 to the United States for review and approval. PATH will include a copy of every form, inquiry, or questionnaire that requests medical information or information about disability, and identify the circumstances when a Railroad Worker may be asked to complete the form, including whether it is required of a class of workers, or on a case-by-case basis.

22. The United States will notify PATH in writing whether it approves or disapproves of PATH's proposed policies in accordance with the provisions described herein. If the United States disapproves of PATH's proposed policies, or aspects of a policy, the United States may offer alternative language or other changes to the policies. Failure of the United States to provide alternative language or changes to the proposed policies as set forth in this paragraph does not relieve PATH from the responsibility to draft and implement employment policies and procedures that comply with Title I

4

of the ADA, Title II of GINA, and this Decree.

23. PATH will incorporate into the policies any revisions provided by the United States within sixty (60) days of receipt. If the Parties are unable to agree on PATH's proposed policies, the dispute resolution mechanisms of paragraph 37 will apply.

24. Within sixty (60) days of the United States' approval of proposed policies, PATH shall implement the revised policies.

25. Within sixty (60) days of the United States' approval of the proposed policies, PATH shall distribute copies of the policies to all PATH Railroad Workers, supervisors, contractors, and any employee who is involved in personnel decisions, including decisions regarding sick leave, fitness-for-duty, attendance, reasonable accommodation, or who otherwise may have access to Railroad Workers' confidential medical information.

26. For the duration of this Decree, PATH shall, within thirty (30) days of the hiring or promotion of a Railroad Worker, supervisor, contractor, or any employee who is involved in personnel decisions, including decisions regarding sick leave, fitness-for-duty, attendance, reasonable accommodation, or who otherwise may have access to Railroad Workers' confidential medical information, provide that individual with copies of the policies described in paragraph 18 and 20.

V. **Training**

27. Within ninety (90) days of the United States' approval of policies (consistent with sections III and IV), PATH shall provide training on the requirements of this Decree, Title I of the ADA, and Title II of GINA to all PATH supervisors who are involved in personnel decisions, including decisions regarding sick leave, fitness-for-duty, attendance, and to all personnel (including third parties providing medical services under the supervision of OMS or PATH) who have access to Railroad Workers' confidential medical information.  This training shall address the requirements of Title I of the ADA and Title II of GINA, including the requirements with respect to medical examinations and inquiries, as well as the prohibition on retaliation against an employee based on their protected activity.  For PATH employees who are hired or promoted during the term of this Decree and who will be involved in personnel decisions or have access to Railroad Workers' confidential medical information, PATH will provide this training, which may be a recording of the training described above, within sixty (60) days of the start of their position with PATH.  Trainings shall be conducted by individuals knowledgeable about Title I of the ADA and Title II of GINA.  PATH shall:

   a. Within ninety (90) days of the approval of policies (consistent with sections III and IV), submit to the United States for approval, which shall not be unreasonably withheld, the name of the trainer or trainers it seeks to use, including their curricula vitae, as well as an outline of the training content,

5

       to provide the training described above; and

      b.  Maintain attendance logs reflecting the date of the training and sign-in sheets of attendees, along with the attendees' job titles.

## VI.   Record Keeping and Reporting

28. All reports required by this Decree shall be sent by email to the undersigned counsel or otherwise as directed by the United States. Six (6) months after the Effective Date of this Decree, and annually thereafter during the term of this Decree, PATH shall provide a written report ("Report") to the United States regarding its efforts to comply with this Decree. The Report shall include for the preceding reporting period:

    a. Any new or revised policy that implicates medical examinations, health-related inquiries, attendance reviews, or confidentiality of medical information, and/or that relate to paragraphs 18 and 20 above;

    b. A copy of every new or revised form or questionnaire used by PATH that requests medical information or that may elicit information about disability;

    c. Written acknowledgment that PATH has, for the instant reporting period, complied with the training requirements set forth in paragraph 27;

    d. PATH shall maintain attendance logs reflecting the dates of the trainings, and the names and job titles of individuals who attended the trainings set forth in paragraph 27;

    e. PATH shall maintain records reflecting any lawsuit, administrative proceeding, and internal or external grievance alleging that PATH has violated the ADA with respect to medical examinations or inquiries.

    f. PATH shall, consistent with the confidentiality requirements of the ADA, 29 C.F.R. § 1630.14(c)(1), maintain records which clearly identify any Railroad Worker, (including their name, position and job class), who PATH: a) requires to submit to a medical examination or health-related inquiry other than "injury on duty" examinations performed at the time the injury occurred; b) medically examines at the request of the Railroad Worker (without requirement to do so from any PATH supervisor); or c) asks to sign a medical release or otherwise provide medical information related to an attendance or absence review. For each such individual, PATH will include the subject, scope, and reason for the medical examination or health-related inquiry and indicate persons who have accessed confidential medical information other than the personnel of Office of Medical Services. In its discretion, the United States may request such data at any point during the operative period of this Decree, but not more often than twice in any 12-month period.

### VII. Specific Remedial Relief

29. Within fourteen (14) days of the Effective Date of this Decree, PATH shall offer Complainant $50,000.00 as compensatory damages. This amount shall not be subject to withholding deductions, and PATH shall issue an IRS Form 1099 to Complainant for this amount.

30. Within fourteen (14) days of the Effective Date of this Decree, PATH shall offer aggrieved "Individual A," whom the United States has identified to PATH, $50,000.00 as compensatory damages. This amount shall not be subject to withholding deductions, and PATH shall issue an IRS Form 1099 to each individual for these amounts.

31. Within fourteen (14) days of the Effective Date of this Decree, PATH shall notify the aggrieved individuals referenced in Paragraphs 29 and 30 of the individual relief offered to them under this Decree by mailing to each of them, by overnight mail, a Notice Letter and Release of Claims Form (substantially similar to the documents attached as Exhibits 1 and 2 respectively), and a copy of this signed Decree.

32. In order to accept the relief offered by PATH, each individual must execute a Release of Claims Form (which is consistent with Exhibit 2) and return the form to Defendant, by email, or by overnight carrier, within thirty (30) days of receiving a Notice Letter (which is consistent with Exhibit 1).

33. PATH shall send the United States a copy of the Notice Letters and Release of Claims Forms sent and received.

34. Within ten (10) days of receipt of an executed Release of Claims Form from an individual identified to PATH by the United States, PATH shall pay that aggrieved individual the monetary sum specified for that individual in section VII.

### VIII. Implementation, Enforcement, and Dispute Resolution

35. If any term of this Decree is determined by any court to be unenforceable, the other terms of this Decree will nonetheless remain in full force and effect.

36. The United States may review PATH's compliance with this Decree at any time, upon reasonable advance notice to PATH and shall have the right to inspect and copy any documents that are relevant and necessary to monitor PATH's compliance with this Decree, including but not limited to all documents and records specified in the above Paragraph 28. Unless otherwise specified in this Decree, PATH shall produce any requested documents or make them available for inspection and copying within thirty (30) days of a written request by the United States.

37. The parties shall endeavor in good faith to resolve informally any differences

regarding interpretation of and compliance with this Decree prior to bringing such matters to the Court for resolution. If a dispute cannot be resolved informally, either party may move for review by the Court. That party shall provide to the other party at least thirty (30) days' written notice of any dispute or breach of this Decree before moving for review by the Court. In the event the United States contends that there has been a failure by PATH, whether willful or otherwise, to perform in a timely manner any act required by this Decree or otherwise to act in conformance with any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including an order requiring performance of such act, and an award of any damages, costs, and reasonable attorneys' fees, which may have been occasioned by the violation or failure to perform.

38. Failure by the United States to enforce any provision of this Decree will not be construed as a waiver of the United States' right to enforce any provision of this Decree.

39. The time frame for completion of any act required by this Decree may be modified by the mutual written consent of the parties, except that the termination date may only be extended by Order of the Court.

40. This Decree is binding upon PATH, its agents, and its employees.

41. A signatory to this document in a representative capacity for PATH represents that they are authorized to bind PATH to this Decree.

42. This Decree, including its attachments, constitutes the entire agreement between the United States and PATH on the matters raised herein and no other statement, promise, or agreement, either written or oral, made by any party or agents of any party, that is not contained in this Decree, including its attachments, is enforceable.

43. This Decree is not intended to remedy any other potential violations of the ADA, GINA, or any other law by PATH that is not specifically addressed in this Decree.

44. This Decree does not affect PATH's continuing responsibility to comply with all aspects of the ADA and GINA.

45. A copy of this Decree or any information contained herein may be made available to any person, and PATH will provide a copy of this Decree to any employee upon request or any other person pursuant to its open records policy.

46. The parties agree that, as of the date of entry of this Decree, litigation is not "reasonably foreseeable" concerning the matters alleged in the complaint and described in this Decree. To the extent that either party previously implemented a litigation hold to preserve documents, electronically stored information, or things related to these matters, the party is no longer required to maintain such a litigation hold. Nothing in this paragraph relieves either party of any other obligations imposed

by this Decree.

47. For the term of this Decree, PATH will preserve all records related to this Decree.

48. During the term of this Decree, this Court will retain jurisdiction over this action to enforce the terms of the Decree, including resolving any disputes, issuing any orders necessary to implement the relief provided for in this Decree, or extending the term of the Decree if PATH fails to comply with the provisions herein.

49. This Decree will terminate, and this action will be dismissed without further order of this Court, thirty months from the Effective Date of this Decree.

50. Each party will assume its own costs and expenses, including attorneys' fees.

51. The Effective Date of this Decree is the date the Court enters the Decree.

SO ORDERED this __10th__ day of __Nov__, 2021.

_____
District Judge
District of New Jersey

AGREED AND CONSENTED TO:

Rebecca B. Bond, Chief
Disability Rights Section
Civil Rights Division

_____
Michael Farbiarz
Counsel
Port Authority Trans-Hudson Corporation
4 World Trade Center – 23rd Floor
New York, New York 10007
(212) 435-3515

November 8, 2021
Date

_____
Anne S. Raish, Principal Deputy Chief
Kevin J. Kijewski, Deputy Chief
Alyse S. Bass, Senior Trial Attorney
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
150 M. Street N.E.
Washington, D.C. 20535
Alyse.Bass@usdoj.gov
(202) 616-9511

9

        <u>November 9, 2021</u>
        Date

        RACHAEL A. HONIG
        Acting United States Attorney

        <u>/s Michael E. Campion</u>
        Michael E. Campion
        Assistant United States Attorney
        Chief, Civil Rights Unit
        970 Broad Street, Suite 700
        Newark, NJ 07102
        Michael.Campion@usdoj.gov
        (973) 645-3141

**Exhibit 1**

**BY OVERNIGHT MAIL**

[INSERT NAME AND ADDRESS]

      Re:    <u>United States v. Port Authority Trans-Hudson Corporation</u>
              <u>Civil Action No.</u> [INSERT CASE NUMBER] (D. N.J.)
              <u>DJ No. 205-48-13</u>

Dear [INSERT NAME]:

      The United States Department of Justice and Port Authority Trans-Hudson Corporation ("PATH") have entered into a Consent Decree to resolve the above-referenced civil action brought by the United States, and to compensate aggrieved individuals whom the United States has identified in this matter. A copy of the Consent Decree is enclosed.

      Under the Consent Decree, PATH is offering you a payment of $[INSERT SUM], which is in the nature of compensatory damages.

      In order to accept PATH's offer, you must sign and notarize the enclosed Release of Claims Form and return it within thirty (30) days of your receipt of this letter. You may return the form in person, by email, or by overnight carrier to:

[Name]
[Title]
[Address]
PATH

      This monetary sum is offered to you on the following condition: if you accept it, you will be required to release PATH from all claims you may have against it, arising out of the facts alleged in *United States v. PATH*, Civil Action No. [INSERT CASE NUMBER] filed in the U.S. District Court for the District of New Jersey, and sign the attached Release of Claims Form. Within ten (10) days of receipt of your release, PATH will pay you [INSERT SUM] as compensatory damages. This amount shall not be subject to withholding deductions, and PATH shall issue an IRS Form 1099 to you for this amount.

      If you have any questions concerning this letter or the Consent Decree, you may contact me at _____ or you may contact Alyse Bass at the U.S. Department of Justice's Civil Rights Division, Alyse.Bass@usdoj.gov, or Michael Campion, Michael.Campion@usdoj.gov at the U.S. Attorney's Office for the District of New Jersey.

      Sincerely,

      XXXXXXX

Enclosures:
Copy of Executed Consent Decree
Release of Claims Form


cc:    Alyse Bass, U.S. Department of Justice, Civil Rights Division
       Michael Campion, U.S. Attorney's Office, District of New Jersey

**Exhibit 2**

**RELEASE OF CLAIMS FORM**

<u>United States v. Port Authority Trans-Hudson Corporation</u>
<u>Civil Action No. [INSERT CASE NUMBER] (D. N.J.)</u>
<u>DJ No. 205-48-13</u>

 For and in consideration of the compensatory damages made by Port Authority Trans-Hudson Corporation (PATH) under the provisions of the Consent Decree entered into by, and between, the United States and PATH, regarding <u>Civil Action No. [INSERT CASE NUMBER]</u>, I, [INSERT NAME], hereby release and forever discharge PATH, and its current, past, and future officials, employees, agents, successors, assigns, and administrators, of and from any legal and equitable claims, actions, causes of action, suits, controversies, damages, and demands whatsoever that I had, or now have, up to the date of my signature below, arising out of the facts alleged in the complaint filed by the United States in United States v. Port Authority Trans-Hudson Corporation.

 This Release constitutes the entire agreement between PATH and me without exception or exclusion. This Release shall be considered null and void in the event that PATH fails to offer and pay the monetary award of [$ INSERT SUM] described in Paragraph [INSERT PARAGRAPH number, 29 or 30 as applicable] of the Consent Decree.

 I have read this Release and understand the contents thereof and I execute this Release of my own free act and deed. I understand that I may consult an attorney of my choosing. I also acknowledge that a copy of the Consent Decree has been made available to me.

 Signed this _____day of _____, 2021.


_____
[NAME]